PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

UNITED STATES DISTRICT COURT        Eastern District of Louisiana

Name **Wright, Robert S.**        Prisoner No. DOC        Docket No.
                                   **567424**              **2016-KH-1029**

**17-4187**

Place of Confinement

**Rayburn Correctional Center, 27268 Hwy. 21, Angie, Louisiana 70426**

Name of Petitioner                                  Name of Respondent

**Robert S. Wright**                                **Robert Tanner, Warden, RCC**

The Attorney General of the State of: Louisiana        **SECT. B MAG. 2**
                        **PETITION**

1. Name and location of court which entered judgment of conviction under attack:

**22nd Judicial District Court
Parish of St. Tammany
Covington, LA**

2. Date of Judgment of conviction: **November 2014**

3. Length of sentence:
Count 1:  5 years
Count 2:  5 years
Count 3: 10 years
Count 4: 20 years
Count 5: 10 years

4. Nature of offense involved (all counts):
Count 1: Possession Alprazolam
Count 2: Possession Oxycodone
Count 3: Possession Marijuana (3rd offense)
Count 4: Possession of Firearm by a Felon
Count 5: Simple Burglary

5. What was your plea?
   **GUILTY**

6. Kind of trial:
   **BENCH**

7. Did you testify at the trial?
   **NO**

8. Did you appeal from the judgment of conviction?
   **NO**

TENDERED FOR FILING

APR 28 2017

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

(1)

9. If you did appeal, answer the following:

   a. Name of court:   N/A

   b. Result:   N/A

   c. Date of result:

   d. Grounds raised:

   e. If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct     appeal:

     N/A

(f)   If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications,     or motions with respect to this judgment in any court, state or federal?
     YES

11. If your answer to 10 was "yes," give the following information:

   a.   1.   Name of Court:   22ND Judicial District Court

      2.   Nature of proceeding:   Post Conviction Relief

      3.   Grounds raised:   Ineffective Assistance of Counsel

      4.   Did you receive an evidentiary hearing on your petition, application or motion?  YES

      5.   Result: DENIED

      6.   Date of result

b.   As to any second petition, application or motion give the same information:

   (1) Name of court
   (2) Nature of proceeding
   (3) Grounds raised

   (4) Did you receive an evidentiary hearing on your petition, application or motion?

   (5) Result

   (6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

   (1) First petition, etc.

(2)

    (2) Second petition, etc.

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

> <u>Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**Please see Memorandum of Law in Support of Habeas Corpus Petition.**

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.
Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you of you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:
Supporting FACTS (state briefly without citing cases or law) __**Please see Memorandum of Law in Support of Habeas Corpus Petition.**

B. Ground two:
Supporting FACTS (state briefly without citing cases or law) **Please see Memorandum of Law in Support of Habeas Corpus Petition.**

C. Ground three:
Supporting FACTS (state briefly without citing cases or law)

D. Ground four:
Supporting FACTS (state briefly without citing cases or law)

13. If any of the grounds listed in 12 A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state of federal, as to the judgment under attack?
    Yes        No :

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment under attacked herein:

    (a) At preliminary hearing

    (b) At arraignment and plea

    (c) At trail

    (d) At sentencing

    (e) On appeal

    (f) In any post-conviction proceeding

    (g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes        No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes        No

    (a) If so, give name and location of court which imposed the sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
                              Yes  9      No 9

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.


                                                          Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

x 4-25-17                        x *Robert Wright*
date and signature of              Petitioner

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERT WRIGHT

CIVIL ACTION: _____

VS

JUDGE: _____

ROBERT TANNER, WARDEN ET AL

RAYBURN CORRECTIONAL CENTER

MEMORANDUM IN SUPPORT OF

28 USC 2254

INTO THE HONORABLE COURT COMES, Robert Wright, Petitioner hereinafter and respectfully files this Memorandum in Support of his Application for Writ of Habeas Corpus filed herein.

STATEMENT OF CASE

On January 16, 2014, Petitioner was arrested by the St. Tammany Sheriff's Office after execution of an arrest warrant by Detective Brandon Stephens of the Department Narcotics Division. At that time, Petitioner was transported to the St. Tammany Parish Jail.

On January 17, 2014, after execution of Search Warrant on the contents of a cell phone seized from the Petitioner, the warrant was signed by the Honorable Scott Gardner of the 22nd Judicial District Court. After data was downloaded and analyzed and upon reviewing the

1

TENDERED FOR FILING

APR 2 8 2017

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

contents, Detective Stephens ordered a picture of two handguns which Detective Smith believed to be stolen firearms from a burglary investigation of Petitioner.

On June 16, 2014, Petitioner appeared before the Honorable Court and attended by counsel, Lam Tran, asked leave of Court to withdraw the Petitioner's previously entered plea of not guilty to the charges on the Bill of Information, **(See Appendix – "A")** and entered a plea of guilty to Count One R.S. 40:969C POSSESSION OF SCHEDULE IV CONTROLLED DANGEROUS SUBSTANCE, Count Two: R.S. 40:967C POSSESSION OF SCHEDULE II CONTROLLED DANGEROUS SUBSTANCE: Count Four: R.S.14:95.1 POSSESSION OF FIREARMS BY A PERSON CONVICTED OF A FELONY: Count Six R.S 14:62 SIMPLE BURGLARY; *(Count three of the Bill of Information was Nolle Prossed by the State)* all of which are assigned Docket Number 544974, all sentences are to run concurrent with the controlling sentence of twenty (20) years for the violation of R.S.14:95.1 POSSESSION OF FIREARMS BY A PERSON CONVICTED OF A FELONY as imposed by the Trial Court, **(See Appendix – "A")**.

## CLAIM I

The Trial Court and the State of Louisiana erred in accepting the alleged charge in violation of LSA-R.S. 14:95.1 Possession of a firearm by a convicted felon, as the evidence does not satisfy the possession requirement of statutory law in violation of the Louisiana State Constitution of 1974, Articles 1 § 2 & 13 Equal Protection of the Law & Due Process of Law, also the United States Constitution Amendments IV & XIV Due Process of the Law & Equal Protection of the Law.

On January 16, 2014, Petitioner's Motel room door was forcibly kicked in by the St. Tammany Parish Sheriff's Office, it wasn't till the entry team was fully engaged and occupied the room that they identified themselves as a law enforcement officer. After Petitioner was restrained and arrested, he asked to see the officer in charge to see the warrants and was told they did not have them yet.

Detective Brandon Stephens questioned Petitioner about the whereabouts of the firearms in question that he supposedly possessed, after an interview with Avery Craddock which he stated "Robert Wright was in possession of at least two firearms, described as a 9mm pistol and a 380 pistol located within his hotel room." **(Appendix "C", Arrest Affidavit)** Petitioner informed Detective Charles R. Smith ID No. 1666, that he did not have any guns and that Avery had the guns. The questions then turned to an interrogation using forceful and threatening words pertaining to the guns, the petitioner again informed the detective that he did not have any guns, that Avery Craddock had the guns; they were Avery's guns that the petitioner never had the guns. **See Appendix "B"; List of Items Seized.**

3

Visually frustrated with the Petitioner, Detective Stephens began questioning him about drugs at this point, namely Cocaine; Heroin; Methamphetamine, and pills. The Petitioner told Detective Stephens that he had a few pills in the room that he was prescribed to possess, namely; Oxycodone and Xanax. Then the detective started asking about guns again, so the petitioner told him they were located behind the television, and then the ceiling fan, the detective stated there was no ceiling fan, and the Petitioner told the detective, right, and that there is not any guns, this upsetting the detective the Petitioner resorted to telling the detective he threw the guns in the lake, just to make the detective stop the threats and accusations that were being made during this interrogation. This statement was made under duress in a very stressful circumstance created by the Detectives questioning the Petitioner.

Accordingly as verified by the ST. Tammany Parish Sheriff's Office Reports of this search and incident that led to the arrest of the Petitioner for the alleged offense of Possessing a Firearm is mere speculation of a vindictive law enforcement agency. At no time has the accuser proven the possession of any firearms. Only a BB gun, a Holster, Ammunition, and a photograph of firearms that do not satisfy the constructive possession requirements of the statue, "Ammunition is not "firearm" for purposes of statue that prohibits certain felons from possessing firearms. LSA-R.S. 14:95.1.

The speculative opinion from the statement of one Detective that obtained the search warrant proclaims, "Loaded clips and a holster were found for a .380 caliber handgun, in the motel room in which the Petitioner occupied", these loaded clips; assorted partial boxes of ammunition; and empty holster, plus the fact that not a single firearm was ever seized or found on the person or in the vicinity of the Petitioner, therefore what is alleged, does not satisfy the

possession requirements of the statute. See State V. Husband[1],"...In order to convict a defendant of possession of a firearm by a convicted felon, the state is required to prove beyond a reasonable doubt (1) possession of a firearm; (2) conviction of any enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense."

However, neither La. R.S. 14:95.1 nor the jurisprudence interpreting its provision prohibiting convicted felons from possessing a firearm provides that a convicted felon cannot live in a residence where another member of that household possesses a firearm or that a convicted felon cannot "be around" a firearm. As referenced herein, proof that a convicted felon is aware, that he is "around" a firearm is not in and itself, a violation of the statute; nor is the felon's mere acquiescence to the presence of a firearm. In order to convict the defendant, the State has to prove that he was aware that a firearm was in his presence and that, in addition, he had a general intent to possess it, Clements, supra. The offender has to exercise dominion and control over the gun, Johnson, supra, see State v. Scott.[2]

A mere photograph of a firearm does not satisfy the required dominion and control nor does it show intent to possess the firearms depicted in the photograph. Although the Petitioner admitted to "handling and unloading the firearm" does not show his intent of possession, dominion or control of the firearm.

The firearms in the Photograph were the property of the Petitioner's then friend, Avery Craddock, who had stopped by the Petitioner's Motel room to show the Petitioner the firearms. When Avery Craddock tried to unload the weapon, not knowing much about firearms, he inadvertently pointed the loaded gun towards himself at which time the petitioner took the gun

---

[1] State v. Husband, 437 So.2d.269(La.app.2nd Cir. 02/28/2001)
[2] State v. Scott,2013-0321, 136 So.3d.383,391(La.app.4th Cir.2014)

from Craddock, unloaded the chamber and removed the loaded clip from the .380 automatic pistol. The handling and unloading of this firearm was done as intervention, before a greater harm could possibly happen and injury to the Petitioner's friend. The handling of this firearm was not done in order to possess, control, or have dominion of the firearm, as when Avery Craddock left he took the firearms with him, but had he forgotten about the bag that contained the holster, clips, and ammunition.

## CLAIM II

The Trial Counsel was ineffective and his performance as a defense counsel fell short of professional standards, has the counsel investigated the charges, or objected to the prosecutions errors the outcome of the procedure would have had a lesser sentence, or a different outcome, in violation of the Constitution of the State of Louisiana Article 1 § 13 and the Amendment VI of the United States Constitution.

It has been long established that the assistance of counsel means an effective assistance of counsel, not just a warm body sitting next to the defendant at trial. Effective assistance and loyalty to his client are the basic duties of a trial counsel Strickland v. Washington[3]. Defendants are not lawyers and lack the training and experience to represent themselves before a court or tribunal that may convict and punish a defendant if found guilty. When a defendant looks to his defense counsel for advise or a defense strategy and all he gets from counsel is "take the plea offer, you can't win", that means someone who maybe innocent will have to plead guilty to something he did not commit, or go to trial before a biased vindictive court.

---

[3] Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed.2d. 674 (1984)

6

The Petitioner in the instant matter did not have any, or at the very best, limited access to his counsel to strategize for trial, prepare a list of witnesses or to even discuss the charges against him. The total lack of interest and the deficiency of this defense counsel caused the Petitioner to fear the very thought of going to trial without the benefit of effective legal assistance and thought he had to accept a deal offered by the prosecutor and district attorney which destroyed the fundamental fairness in the adversarial process that our system counts.

Just as the fore mentioned in Claim 1, the state had to satisfy the sufficiency of the charge of the alleged firearm possession, the petitioner has to satisfy the two prongs of Strickland in the instant matter. It is not sufficient for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. **Strickland, supra; Sullivan, supra; Grissom, supra.**

Effectiveness of counsel cannot be defined in a vacuum, but requires an individual fact-specific inquiry, and thus, courts must undertake a detailed examination of specific facts and circumstances of case when determining whether effective assistance of counsel was provided[4].

"Reasonably effective assistance of counsel" means that the lawyer not only possesses adequate skill and knowledge, but also has time and resources to apply his skill and knowledge to task of defending each of his individual clients, see **State v. Peart,**[5]

During the course of the proceedings this counsel, Lam Tran, did not advise Petitioner of any rights nor did he advise Petitioner of any strategies for trial, all that was said is "If I were you I would take this offer and be happy with." With this type of defense counsel no defendant

---

[4] U.S.C.A. Const .Amend.6.
[5] State v. Peart

7

can depend on his constitutional rights to be protected, as in there is no fairness in the process and that totally undermines the judicial process of a "fair trial in a fair tribunal is a basic requirement of due process."[6]

## LAW AND ARGUMENT

It has been long established through out the Louisiana State Courts as well as the United States District Courts that a plea of guilty must be knowingly, intelligently, and voluntarily made for a plea of guilty to constitutionally meet both the State of Louisiana and the United States Constitution's muster, if not, it is constitutionally infirm and cannot stand. See **Boykin v. Alabama**[7]

In this particular case, the Petitioner depended on his appointed defense counsel for his experienced, best advice, and guidance in these proceedings. This counsel willingly ignored all attempts of the Petitioner to contact him or to counsel with him about a strategy for his defense about the coming trial, there was absolutely no loyalty or concern for his client while the Petitioner was in the custody in the St. Tammany Jail.

When the Petitioner finally saw his representing counsel, he was told that "the best you can do is take the plea arrangement they offer you, you cannot win this trial," which the Petitioner ultimately did; he was afraid to go to trial based on what this attorney told him. The assistance received by the Petitioner was not reasonably effective, but totally ineffective, "Reasonably effective assistance of counsel" means the lawyer not only possesses adequate skill and knowledge , but also has time and resources to apply his skill and knowledge to the task of defending each of his individual clients. U.S.C.A. Const. Amend. 6; see **State v. Peart.**

---

[6] 75 S. Ct. 623,349 U.S. 133, Murchison, In re,(U.S. Mich. 1955)
[7] Boykin v. Alabama, 80 S. Ct. 1709,395 U.S. 238(U.S.1969)

8

*Louisiana Const. art. 6 sec. 13* guarantees a number of rights to persons accused of a crime. One of those "Rights of the Accused" is the right to assistance of counsel "at each stage of the proceedings." If the accused is indigent and is charged with an offense punishable by imprisonment, he is entitled to assistance of counsel appointed by the court. Such counsel must be reasonably effective, see **State v. Stripling**[8]

To convict a defendant of possession of a firearm by a convicted felon, the state must prove beyond a reasonable doubt the possession of a firearm, a previous conviction of an enumerated felony, that ten years have not elapsed since the completion of the sentence, and general intent to commit the offense. **LSA-R.S. 14:95.1.** This attorney knew that there was not a gun seized from the Petitioner, yet he refused to defend the Petitioner at trial, and duped him into a plea bargain. The injustices of the 22nd Judicial District are well known to the public and that indigent offenders have very little if any representation if at all in this Judicial District.

Clearly, Petitioner was aware of the gun's presence. However, there is no evidence his intent amounted to intent to possess the gun rather than the mere acquiescence to the fact that his friend Avery Craddock owned the guns and left the motel room with the guns in his possession, being absent minded Avery Craddock forgot his bag containing the holster, magazine clip, and partial box of ammunition. Ammunition is not [9]a "firearm" for purposes of statute that prohibits certain felons from possessing firearms. **LSA-R.S. 14:95.1.**

The Louisiana Supreme Court ruled on a case similar to the instant case pertaining to firearm possession in **State v. Fisher**, a felon was in possession of a loaded magazine "clip" that was his sister's that he placed in his pocket when he found it on her car seat. Here the Petitioner

---

[8] State v. Stripling, 354 So. 2d. 1297,1305(La.1978)
[9] State v. Fisher

had a bag in his motel room with his friends property in side containing the items previously listed, here in **Fisher,** there is not an attempt nor is any firearm found in possession by the Petitioner. This Court's holding in **Fisher supra** is as follows: **Accordingly, we find that the evidence, even when viewed in light most favorable to the prosecution, was not sufficient to establish the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virgina,443 U.S.307,319,99 S. Ct.2781,2789,61 L.Ed.2d.560(1979). We reverse the conviction and sentence and order defendant discharged.[Emphasis Added]**

The defense counsel in this instant case was more concerned with his other agenda than he was about defending the Petitioner and taking this case to trial. Had the defendant known anything about the law, or had he any representation in the pre-trial stages, and an attorney worth his salt that would properly address the charges and advise his client, then yes, the outcome would have been different.

## CONCLUSION

The Trial Court and the Court of Appeal, and Louisiana Supreme Court in this matter erred in denying the Relief filed by the Petitioner for the acceptance of the plea bargain of guilty from the Petitioner, knowing that there was not any substantial fact to the charge and alleged violation of La. R.S. 14:95.1 Possession of a Firearm by a Convicted Felon, the elements that define that conviction do not exist, ammunition does not constitute possession of a firearm. Had the counsel for the Petitioner done his home work and investigated the elements of R.S. 14:495.1 he would have known the rulings of the Louisiana Supreme Court as held in **State v. Fisher,** therefore, it is the contention of the Petitioner that his counsel throughout the proceedings was inadequate and severely ineffective.

WHEREFORE Petitioner PRAYS this Honorable Court grant the foregoing Application for Writ of Habeas Corpus and remand to the Trial Court for a New Trial, and/or reverse the conviction and sentence against the Petitioner for the Trial Court failing to establish sufficient evidence for prosecution.

Respectfully submitted,

X *Robert Wright*
Robert Wright #567424
Rayburn Correctional Center
27268 HWY 21 N
Angie, Louisiana 70426

## CERTIFICATE OF SERVICE

I, Robert Wright, do hereby certify that the foregoing has been forwarded to the District Attorney in and for the Parish of St. Tammany, via U.S. Mail, postage pre-paid this _____ day of _____, 2017, Angie, Louisiana.

x *Robert Wright*
Robert Wright