UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT S. WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4187** |
| **ROBERT TANNER, WARDEN, RCC** | **SECTION "B"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.   FACTUAL BACKGROUND

The petitioner, Robert S. Wright, is a convicted inmate currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On February 21,

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 4.

2014, Wright and two co-defendants, William E. Glover and Avery Leigh Craddock, were charged in a six count bill of information in St. Tammany Parish.[3] Wright alone was charged in the first five counts with possession of alprazolam, possession of oxycodone, disguising transactions involving drug proceeds, third offense possession of marijuana and being a felon in possession of a firearm. In the sixth count, Wright and the two co-defendants were charged with simple burglary.

At a June 16, 2014, hearing, the State entered a nolle prosequi on the third count, disguising drug proceed transactions.[4] At the same hearing, Wright entered a guilty plea to the five remaining counts. The state trial court immediately imposed concurrent prison sentences of five years for possession of alprazolam, five years for possession of oxycodone, ten years for third offense possession of marijuana, ten years for simple burglary and twenty years without benefit of parole, probation or suspension of sentence for being a felon in possession of a weapon.

Wright's conviction and sentence became final thirty (30) days later, on July 16, 2014, when he did not pursue direct appeal. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin

---

[3]St. Rec. Vol. 1 of 1, Bill of Information, 2/21/14 (amended 6/16/14).

[4]St. Rec. Vol. 1 of 1, Guilty Plea Minutes, 6/16/14.

v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[5]).

On October 28, 2014, Wright signed and submitted an application for post-conviction relief to the state trial court asserting four grounds for relief:[6] (1) His conviction was unconstitutional because he did not have effective assistance of counsel. (2) His counsel was ineffective for advising him to plead guilty when the statute creating the offense was unconstitutional. (3) His counsel was ineffective when he failed to inspect the evidence which resulted in a conviction by ex post facto application of the law in violation of the federal and state constitutions. (4) His sentence was excessive.

On December 2, 2014, the state trial court denied relief on the first three claims for Wright's failure to meet the Strickland v. Washington, 466 U.S. 668 (1984), standards. The court also held that Wright was not entitled to post-conviction review on the claim of excessive sentence, citing La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[7]

---

[5]The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[6]St. Rec. Vol. 1 of 1, Uniform Application for Post-Conviction Relief, 11/3/14 (dated 10/28/14).

[7]St. Rec. Vol. 1 of 1, Trial Court Order, 12/2/14.

On March 9, 2015, the Louisiana First Circuit denied Wright's related writ application as to the ineffective assistance of counsel claims and because the excessive sentence claim was not proper for post-conviction review, citing <u>State ex rel. Melinie</u>.[8] Wright did not seek timely review of this ruling.

More than two months later, on May 26, 2015, Wright filed a motion in the state trial court seeking to withdraw the application for post-conviction relief he filed in 2014.[9] The same day, the trial court denied the motion because the prior application had been addressed and the related writ application denied by the Louisiana First Circuit.[10]

Two months later, on July 27, 2015, Wright filed a writ application in the Louisiana First Circuit asserting two new post-conviction grounds for relief:[11] (1) The state trial court erred in accepting the plea to the felon in possession charge because there was insufficient evidence. (2) His counsel was ineffective for failing to investigate, call witnesses and object to the charges and prosecutorial errors, which if done may have

---

[8] St. Rec. Vol. 1 of 1, 1st Cir. Order, 2015-KW-0030, 3/9/15; 1st Cir. Writ Application, 2015-KW-0030, 1/6/15. The court indicated that Wright failed to include necessary documents and he could file a new application with the documents by May 8, 2015, which he did not do.

[9] St. Rec. Vol. 1 of 1, Motion to Withdraw, 5/26/15.

[10] St. Rec. Vol. 1 of 1, Trial Court Order, 5/26/15.

[11] St. Rec. Vol. 1 of 1, 1st Cir. Writ Application, 2015-KW-1178, 7/27/15.

resulted in a lesser sentence or a different outcome. On October 5, 2015, the Louisiana First Circuit denied relief without stated reasons.[12]

More than seven months later, on May 18, 2016, Wright submitted a writ application to the Louisiana Supreme Court for review of the trial court's December 2, 2014, ruling and the Louisiana First Circuit's October 5, 2015, ruling.[13] On November 7, 2016, the court declined to consider the application finding it untimely under La. S. Ct. Rule X§5.[14]

III.   FEDERAL HABEAS PETITION

On May 18, 2017, after correction of certain deficiencies, the clerk of this court filed Wright's federal habeas corpus petition in which he asserts the following grounds for relief:[15] (1) The state trial court erred when it accepted his guilty plea to the felon in possession charge because there was insufficient evidence. (2) His counsel was ineffective for failing to investigate or object to the prosecutor's errors, which if done may of resulted in a different outcome.

---

[12]St. Rec. Vol. 1 of 1, 1st Cir. Order, 2015-KW-1178, 10/5/15.

[13]St. Rec. Vol. 1 of 1, La. S. Ct. Writ Application, 16-KH-1029, 5/31/16 (dated 5/18/16); La. S. Ct. Letter, 2016-KH-1029, 6/3/16.

[14]State ex rel. Wright v. State, 204 So.3d 613 (La. 2016); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2016-KH-1029, 11/7/16. La. S. Ct. Rule X§5 provides thirty days from the issuance of an appellate court's order for a petitioner to file writ application in the Louisiana Supreme Court.

[15]Rec. Doc. No. 4.

The State filed a response in opposition to Wright's petition asserting that it was not timely filed under federal law; that Wright failed to exhaust state court review; and otherwise, the claims are without merit.[16] Wright filed a reply to the State's opposition memorandum asserting that his claims should be reviewed on the merits.[17]

### III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Wright's petition, which, for reasons discussed below, is deemed filed in federal court on April 25, 2017.[19] The threshold questions in habeas review under the

---

[16] Rec. Doc. No. 11.

[17] Rec. Doc. No. 12.

[18] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[19] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court received and filed Wright's deficient petition on April 28, 2017. His corrected petition was entered May 18, 2017, and the case was opened when pauper status was granted. Wright dated his signature on the original

amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Wright's federal petition was not timely filed and that state court review was not exhausted. Because the petition is time-barred, it should be dismissed for that reason.

---

documents on April 25, 2017, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing to a federal court.

## IV.   STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[20]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Wright's conviction became final on July 16, 2014, which was thirty (30) days after he entered his guilty plea, was sentenced by the state trial court and did not appeal. Applying Section 2244 literally, Wright had one year from finality of his conviction, until July 16, 2015, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[20] The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Wright has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a

significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal

10

habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness

11

consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

12

In Wright's case, the one-year AEDPA statute of limitations period began to run on July 17, 2014, the day after his conviction became final, and did so for 103 days, until October 28, 2014 when he signed and submitted his application for post-conviction relief to the state trial court. The application remained pending in the state courts until April 8, 2015, which was 30 days after the Louisiana First Circuit denied Wright's related writ application on March 9, 2015, and he did not seek timely review of that ruling.

The one-year AEDPA limitations period began to run again on April 9, 2015, and continued to do so uninterrupted for the remaining 262 days, until Monday, December 28, 2015,[21] when it expired. Wright had no other properly filed application for state post-conviction relief or other collateral review pending during that time period that might have tolled the AEDPA one-year statute of limitations period. His federal petition deemed filed on April 27, 2017, is not timely filed and should be dismissed for that reason.

I am aware that Wright filed other state court submissions during that period, but none of these tolled the federal statute of limitations. On May 26, 2015, Wright filed a motion to withdraw his previously filed state court application for post-conviction review. This motion, however, was not itself an application for post-conviction or other collateral review and sought no relief other than to withdraw a pleading that had already

---

[21]The final day was Saturday, December 26, 2015, which extended the last day of the period to Monday, December 28, 2015. Fed. R. Civ. P. 6(a)(1)(C).

been denied. I can find no precedent that would consider such a motion a properly filed state court application for post-conviction or other collateral review for tolling purposes.

On July 27, 2015, Wright filed a writ application in the Louisiana First Circuit seeking to assert two new post-conviction claims not previously brought to the state trial court. Pretermitting the question of whether this second writ application asserting claims for the first time in an appellate court rather than in the state trial court was procedurally proper, it did not follow any ruling by the state trial court, much less follow a ruling within the 30-day period allowed under La. App. Rule 4-3.

Even assuming that this oddly-timed and oddly-placed writ application somehow tolled the AEDPA statute of limitations,[22] the one-year AEDPA statute of limitations period began to run on July 17, 2014, the day after his conviction became final, and did so for 103 days, until October 28, 2014 when he signed and submitted his application for post-conviction relief. The application remained pending until April 8, 2015, which was 30 days after the Louisiana First Circuit denied Wright's related writ application on March 9, 2015, and he did not seek timely review of that ruling. The filing period would have begun to run again on April 9, 2015, and continued to do so for another 109 days until July 27, 2015, when he submitted the second Louisiana First Circuit writ

---

[22]See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004) (because of the possible exceptions to Rule 4-3, unless the Louisiana appellate court denies the writ application as untimely or improperly filed, the writ application may still afford the petitioner tolling under the AEDPA).

14

application. The writ application remained pending until November 4, 2015, which was 30 days after it was resolved, and Wright did not timely seek review.

The one-year AEDPA statute of limitations period would have run again from November 5, 2015, for the remaining 153 days until April 6, 2016, when it expired. Wright had no properly filed application for post-conviction relief or other collateral review pending in any state court during that time. Thus, even under this alternative calculation, Wright's federal petition deemed filed on April 25, 2017, is not timely filed.

Wright only had one other state court filing which he submitted to the Louisiana Supreme Court on May 18, 2016. This filing was made after the AEDPA statute of limitations expired under either calculation above. Wright is not entitled to tolling for a state court filing made after the expiration of the AEDPA limitations period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). Furthermore, Wright's 2016 Louisiana Supreme Court writ application was not "properly filed" for tolling purposes, because it was not timely filed under La. S. Ct. Rul X§5. Butler, 533 F.3d at 318-19; Larry v. Dretke, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); Wardlaw, 541 F.3d at 279; see also, Pace, 544 U.S. at 417 (". . . time limits, no matter their form, are 'filing' conditions" so that when the state courts reject a state application for post-conviction relief as untimely, it cannot be considered

15

"properly filed" to entitle the petitioner to statutory tolling pursuant to Section 2244(d)(2)); Wardlaw v. Cain, 541 F.3d 275, 278 (5th Cir. 2008) (citing Pace, 544 U.S. at 414) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

Therefore, under the mailbox rule, Wright's federal petition is deemed filed on April 25, 2017, which was more than one year and two weeks after the AEDPA one-year statute of limitations expired on December 28, 2015, or one year and eighteen days after the alternative expiration on April 6, 2016. His federal petition was not timely filed and must be dismissed with prejudice for that reason.[23]

---

[23]The United States Supreme Court decision in Martinez v. Ryan, 566 U.S. 1 (2012), is not relevant to the timeliness of this federal petition. In Martinez, the Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" Trevino v. Thaler, 133 S. Ct. 1911, 1912 (2013) (quoting Martinez, 566 U.S. at 13). Wright's ineffective assistance of counsel claim was not subject to a state court imposed procedural bar. In addition, the decisions in Martinez and Trevino do not address or provide an excuse for untimely filing of a federal habeas petition. See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); Smith v. Rogers, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). Martinez and Trevino also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. See In re Paredes, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either Martinez or Trevino retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither Martinez nor Trevino provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Robert S. Wright's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[24]

New Orleans, Louisiana, this ____21st____ day of March, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[24]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.