UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT S. WRIGHT                          CIVIL ACTION

VERSUS                                    NO. 17-4187

ROBERT TANNER                             SECTION: "B"

## ORDER & REASONS

Before the Court are the Magistrate Judge's report and recommendation (Rec. Doc. 13) and petitioner Robert S. Wright's objection to same (Rec. Doc. 15). For the reasons discussed below,

**IT IS ORDERED** that petitioner's objection is **OVERRULED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's report and recommendation is **ADOPTED** as the opinion of the Court; and

**IT IS FURTHER ORDERED** that the instant petition for habeas corpus relief is **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a convicted inmate currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. *See* Rec. Doc. 13 at 1. On February 21, 2014, petitioner was charged by bill of information with the following six counts: disguising transactions involving drug proceeds, possession of alprazolam, possession of oxycodone, third offense possession of marijuana, being a felon in possession of a firearm, and simple burglary. *See id.* at 2.

On June 16, 2014, the State entered a *nolle prosequi* on the count of disguising transactions involving drug proceeds. *See id.* Petitioner entered a plea of guilty to the remaining five counts. *See id.* The trial court sentenced petitioner to five years for possession of alprazolam, five years for possession of oxycodone, ten years for third offense possession of marijuana, ten years for simple burglary, and twenty years without benefit of parole, probation, or suspension of sentence for being a felon in possession of a weapon. *See id.* Petitioner did not seek timely appeal. *See id.*

On October 28, 2014, petitioner submitted an application for post-conviction relief to the state trial court. *See id.* at 3. Petitioner asserted four grounds for relief: (1) his conviction was unconstitutional because he did not have effective assistance of counsel; (2) his counsel was ineffective for advising him to plead guilty when the statute creating the offense was unconstitutional; (3) his counsel was ineffective when he failed to inspect the evidence which resulted in a conviction by *ex post facto* application of the law in violation of the federal and state constitutions; and (4) his sentence was excessive. *See id.*

On December 2, 2014, the state trial court, citing *Strickland v. Washington*, 466 U.S. 668 (1984), denied relief on the first three claims. *See id.* Additionally, the court held that petitioner was not entitled to post-conviction review regarding the claim of

2

excessive sentencing, citing La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996). *See id.*

On January 6, 2015, petitioner filed a writ application for supervisory review of the trial court's ruling with the Louisiana First Circuit Court of Appeal. *See* Rec. Doc. 11 at 5. On March 9, 2015, the Louisiana First Circuit denied petitioner's writ application on the ineffective assistance of counsel claims and because the excessive sentence claim was not proper for post-conviction review, citing *State ex rel. Melinie*. *See* Rec. Doc. 13 at 4. The court provided petitioner the opportunity to submit a new writ by May 8, 2015. *See id.* at n. 8. Petitioner did not timely submit a new writ or timely seek review of the First Circuit's decision. *See* Rec. Doc. 13 at 4.

On May 26, 2015, petitioner filed a motion to withdraw the application for post-conviction relief which was filed on October 28, 2014. *See id.* The court denied this motion, reasoning that the prior application had been decided and the related writ had already been denied by the Louisiana First Circuit. *See id.*

On July 27, 2015, petitioner filed a new writ application in the Louisiana First Circuit Court of Appeal, in which he brought the following two new post-conviction grounds for relief: (1) the state trial court erred in accepting the plea to the felon in possession charge because there was insufficient evidence; and (2) his counsel was ineffective for failing to investigate, call

witnesses, and object to the charges and prosecutorial errors, which may have resulted in a lesser sentence or a different outcome. *See* Rec. Doc. 13 at 4-5. On October 5, 2015, the First Circuit denied the writ application without stated reasons. *See* Rec. Doc. 13 at 5.

On May 18, 2016, petitioner submitted a writ application to the Louisiana Supreme Court, seeking review of both the trial court's December 2, 2014 ruling and the Louisiana First Circuit's October 5, 2015 ruling. *See id.* On November 7, 2016, the Louisiana Supreme Court declined to consider the application because it was untimely under La. S. Ct. Rule X § 5. *See State ex rel. Wright v. State*, 204 So.3d 613 (La. 2016).

On May 18, 2017, petitioner filed the instant federal petition, asserting the following two grounds for relief: (1) the state trial court erred when it accepted his guilty plea to the felon in possession charge because there was insufficient evidence; and (2) his counsel was ineffective for failing to investigate or object to the prosecutor's errors, which if done, may have resulted in a different outcome. *See* Rec. Doc. No. 4. In its opposition, the state asserted that the petition was not timely filed under federal law; that petitioner failed to exhaust state court review; and that the claims are without merit. *See* Rec. Doc. 11. Petitioner filed a reply in which he asserted that his claims should be reviewed on the merits. *See* Rec. Doc. 12.

**LAW AND FINDINGS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls for purposes of this 28 U.S.C. § 2254 habeas corpus petition. *See Poree v. Collins*, 866 F.3d 235, 245 (5th Cir. 2017) ("Federal habeas proceedings are subject to the rules prescribed by the Antiterrorism and Effective Death Penalty Act..."); *see also Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)) (holding that AEDPA applies to habeas corpus petitions filed after the date the act went into effect).

There are three threshold requirements under AEDPA which a habeas corpus petition must meet: (1) the petition must be timely; (2) the petitioner must have exhausted state court remedies; and (3) the petitioner must not be in procedural default. *See* 28 U.S.C. § 2244(d); *see also Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 USC § 2254(b),(c)).

**A. Timeliness**

For a habeas corpus petition to be timely, the AEDPA requires that it be filed within one year of the date that the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Accordingly, a conviction becomes final when the period for filing a notice of

appeal expires and no appeal has been taken. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding that a conviction is final when the defendant does not timely proceed to the next available step in the state appeal process); *see also Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914).

This one-year statute of limitations can be interrupted by either equitable tolling or statutory tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (". . . we hold that § 2244(d) is subject to equitable tolling in appropriate cases."); *see also* 28 U.S.C. § 2242(d)(2) (setting forth the requirements for statutory tolling under the AEDPA). In a case where either type of tolling is warranted, the period of time which is tolled is not counted against the running of the statute of limitations. *See id*.

1. **<u>Equitable Tolling</u>**

A habeas corpus petitioner is entitled to equitable tolling of the statute of limitations only upon a showing that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland*, 560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The burden of establishing these two elements rests on the petitioner seeking equitable tolling. *See Pace*, 544 U.S. at 418. Equitable tolling is warranted "only in

6

rare and exceptional circumstances . . . where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *See Cousin*, 310 F.3d at 848 (internal quotations omitted).

Precedent for what constitutes extraordinary circumstances is well established in case law. In *Holland*, cited by petitioner in his objection, the court held that equitable tolling would be warranted where an attorney was beyond negligent, and failed to satisfy professional standards of care by ignoring the client's repeated requests to timely file a petition. *See Holland*, 560 U.S. at 651-654. Likewise, in *Wynn*, the court held that equitable tolling was warranted where the defendant was deceived by his attorney into believing a timely motion to vacate had been filed, when in fact, no such motion had been. *See United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002).

Conversely, in *Fisher*, the court held that equitable tolling was not warranted where petitioner was denied meaningful access to the courts during a seventeen-day stay in a psychiatric ward in which he was confined, medicated, and rendered legally blind after being separated from his glasses. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In *Coleman*, the court held that a "garden variety claim of excusable neglect" was insufficient to warrant equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).

Petitioner fails to meet his burden of establishing the existence of an extraordinary circumstance which prevented him from timely filing. Distinct from *Holland*, petitioner does not assert the untimely filing occurred due to a failure of counsel to file in spite of repeated requests to do so. In fact, petitioner does not assert any circumstance at all which might have prevented timely filing, let alone one which might reach the requisite level of extraordinary. Accordingly, petitioner is not entitled to equitable tolling.

Petitioner asserts that he "properly filed Collateral Review (Application for Post-Conviction Relief) into the Trial Court." *See* Rec. Doc. 15 at 3. If such were to warrant tolling, it would not be equitable tolling, but rather, the statutory tolling provided for under the AEDPA.

**2. Statutory Tolling**

Under the statutory tolling scheme provided for under the AEDPA, the running of the statute of limitations is interrupted during the period of time in which state post-conviction relief or collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). For statutory tolling to apply, the interrupting action must be: (1) an application for state post-conviction or collateral review (2) with respect to the pertinent judgment or claim, (3) which was properly filed. *See id.*

An action is pending "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *see also Williams v. Cain*, 217 F.3d 303, 310 (holding that regarding § 2244(d)(2), a matter is pending until further appellate review is unavailable under state procedure).

Collateral review refers to any "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). In the context of § 2244(d)(2), the phrase refers to state court proceedings which challenged the same judgment being challenged in the federal petition. *See Dilworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000).

To be a pertinent judgment or claim, the interrupting state action must have challenged the same conviction that is being challenged in the federal petition. *See Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). Furthermore, the interrupting action must have addressed the same substantive claims raised in the federal petition. *See id.*

A properly filed application "is one that conforms with a state's applicable procedural filing requirements." *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). Procedural filing requirements are "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review." *Id.* at n. 2.

Accordingly, the post-conviction action must comport with state procedural filing requirements, including timeliness. *See Pace*, 544 U.S. at 413, (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) ("'an application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings' including 'time limits upon its delivery'").

A state action which is not timely filed is not properly filed for the purpose of statutory tolling. *See Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (failure to timely file state pleadings rendered pleadings not properly filed); *see also Pace*, 544 U.S. at 417 (". . . time limits, no matter their form, are 'filing conditions,'" such that when the state courts reject an application for post-conviction relief as untimely, it cannot be considered properly filed for the purpose of statutory tolling); *see also Wardlaw v. Cain*, 541 F.3d 275, 278 (5th Cir. 2008) (citing *Pace*, 544 U.S. at 414) ("When a post-conviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2).").

An application for state post-conviction or other collateral review that is filed after the statutory tolling period would have expired does not trigger statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application not filed until after the statute of limitations

expired does not warrant tolling of the limitations period of § 2244(d)(2)).

In determining whether an application is timely for AEDPA purposes, the mailbox rule is applied to pleadings filed by *pro se* litigants. *See Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). Under this rule, pleadings, including habeas proceedings received by *pro se* litigants, are deemed filed on the date when prison officials receive the pleading from the prisoner for delivery to the court. *See Coleman*, 184 F.3d at 401.

While petitioner's objection states that he is entitled to tolling under the claim that "he properly filed Collateral Review (Application for Post-Conviction Relief)," (Rec. Doc. 15 at 3) it does not specify for which particular instance(s) he might be entitled to such, or provide any calculation of tolling.

In the first instance, petitioner's application for post-conviction relief dated October 28, 2014, could have met the requirements for statutory tolling for the duration for which it was pending. It was a post-conviction petition for relief or other collateral review. The state action was also "with respect to the pertinent judgment or claim," challenging the same judgment of conviction in the federal petition. Finally, there were no procedural improprieties which prevented filing and disposition.

The second instance which could have potentially triggered statutory tolling was petitioner's May 26, 2015 motion to withdraw

his previously filed state court application for post-conviction review. However, that motion does not constitute post-conviction or other collateral review, as it did not involve the reexamination of a judgment or claim—it sought nothing more than to withdraw a pleading which had already been ruled on and denied. Accordingly, this event does not warrant statutory tolling.

In the third instance, petitioner's July 27, 2015 writ application to the Louisiana First Circuit Court of Appeal does not warrant statutory tolling because it was not properly filed. This petition gave rise to a series of procedural improprieties, caused by petitioner, as it asserted new claims not raised before and did not follow any ruling by the trial court, let alone one within the required thirty day period. *See* La. Ct. App. Unif. R. 1-3; *see also* La. Ct. App. Unif. R. 4-3. Because the writ application was not properly filed, the requirements for statutory tolling are not met. Therefore, the filing of this writ application does not warrant statutory tolling.

Finally, petitioner's May 18, 2016, submission to the Louisiana Supreme Court does not warrant statutory tolling because it was filed after statutory tolling would have expired under any calculation. Furthermore, this submission was not properly filed because it failed to meet the timeliness requirement set forth under La. S. Ct. Rule X, § 5. For these reasons, petitioner's

submission to the Louisiana Supreme Court fails to meet the requirements necessary to warrant statutory tolling.

Accordingly, in determining whether the statute of limitations has run, only the statutory tolling prompted by petitioner's application for post-conviction relief dated October 28, 2014, should be applied. Petitioner's conviction became final on July 16, 2014, when he did not appeal his conviction before the thirty days in which he had to do so expired. Accordingly, the one-year statute of limitations began to run on July 17, 2014. It continued to run for 103 days, until petitioner filed his application for post-conviction relief to the state trial court on October 28, 2014. For so long as this action was pending, the statute of limitations was statutorily tolled.

The trial court denied relief on December 2, 2014. Likewise, the Louisiana First Circuit denied petitioner's related writ on March 9, 2015. On April 9, after thirty days had passed in which petitioner failed to seek review of the Louisiana First Circuit's ruling, the action was no longer pending and the running of the statute of limitations resumed. The statute of limitations then ran for 262 days, from April 9, 2015, until December 28, 2015, when it expired.

Alternatively, even if the July 27, 2015, writ application did warrant statutory tolling, such tolling would not extend the statute of limitations far enough to make the instant petition

13

timely. If such were the case, the statute of limitations would have run for 103 days, from July 17, 2014, to October 28, 2014, before being tolled for the initial post-conviction relief sought. The running of the statute of limitations would have then resumed April 9, 2015, and continued to run for 109 days, until July 27, 2015, when the improperly filed writ application was filed with the Louisiana First Circuit. The statute of limitations would have been tolled until November 4, 2015, which is thirty days after review of that ruling was not sought. The running of the statute of limitations would have resumed on November 5, 2015, and run for 153 days, until April 6, 2016, when it expired.

Petitioner submitted the instant habeas corpus petition, after correcting certain deficiencies, on May 18, 2017. Pursuant to the mailbox rule, it is deemed filed April 25, 2017. Regardless of whether the statute of limitations expired on December 28, 2015, or April 6, 2016, petitioner is effectively precluded from bringing this petition because the statute of limitations has run.

### B. **Exhaustion**

Generally, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief. *See Nobles*, 127 F.3d at 419. "To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Id.* at 420. A petitioner fails to meet this

requirement if he "presents new legal theories or factual claims in his federal habeas petition." *Id.*

In the instant case, petitioner has not satisfied the exhaustion requirement because he has presented new claims for relief in his federal habeas petition which were not fairly presented in state court. Specifically, neither of the two claims raised in the instant habeas petition were present in the four-claim petition which was presented to the state courts. *Compare* Rec. Doc. 4 at 8, 11 (instant habeas petition), *with* Rec. Doc. 4-2 at 25-26 (habeas petition brought before the state courts).

### C. Procedural Default

A petitioner may be precluded from bringing a habeas corpus petition by the doctrine of procedural default. *See Nobles*, 127 F.3d at 420. "If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the prisoner has procedurally defaulted his federal habeas claim." *Id.* Furthermore, "a procedural default also occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.*

Respondent does not allege that any of petitioner's claims are in procedural default. Likewise, petitioner does not address procedural default in his objection.

Regardless, petitioner is in procedural default. As already established, petitioner has failed to exhaust his claims in state court. He would have to present his claims in the Louisiana Supreme Court to exhaust state remedies. Petitioner is procedurally barred from doing so because the time to file has expired, as noted in that court's denial of his prior application. Therefore, petitioner is in procedural default.

Furthermore, the Louisiana Supreme Court's denial of petitioner's prior application renders petitioner in procedural default because the court clearly and expressly based its dismissal of Wright's claim on La. S. Ct. Rule X § 5, and that procedural rule provides an independent and adequate ground for the dismissal.

In a second potential instance, one could argue that petitioner procedurally defaulted his claim when he filed his second writ application to the Louisiana First Circuit. This argument would be based on the notion that petitioner defaulted when he failed to comply with the May 8, 2015, deadline, which the court stipulated after denying petitioner's first petition. However, this instance does not necessarily create procedural default, for two reasons. First, this court-imposed deadline may not necessarily be a state procedural rule. Second, it may not

create default because the court did not clearly and expressly base its dismissal on a state procedural rule—the court in this case denied the application without written reasons.

New Orleans, Louisiana this 16th day of August, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE